## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____X

U.S. Bank NA, successor trustee to Bank of
America, NA, successor in interest to LaSalle
Bank NA, as trustee, on behalf of the holders
of the WaMu Mortgage Pass-Through
Certificates, Series 2006-AR13,

        Plaintiff,

v.                                            Civil Action No.

Constantine Taslis a/k/a Kostas Taslis,
                                            PROPERTY:
        Defendant,                            218 Lowell Street
                                            Lexington, MA 02420

and

Mortgage Electronic Registration Systems, Inc.,
and GMAC Mortgage, LLC successor-by-merger
to GMAC Mortgage Corporation,
        Parties-in-Interest.
_____X

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR13 ("U.S. Bank"), by and through its attorneys, Doonan Graves and Longoria LLC, and hereby files this Complaint for judicial foreclosure with respect to the property located at 218 Lowell Street, Lexington, MA 02420 (the "Property"). U.S. Bank advances its Complaint by alleging the following:

## PARTIES

1.     U.S. Bank is a national association organized and existing under the laws of the United States of America, with its principal place of business located at 425 Walnut Street,

U.S. Bank N.A., as Trustee v. Constantine Taslis, et al.
218 Lowell Street, Lexington, MA
DG&L File No. 51260                     1

Cincinnati, OH.

2. The Defendant, Constantine Taslis a/k/a Kostas Taslis is an individual who, upon information and belief, currently resides in Lexington, MA.

3. The Party-in-Interest, Mortgage Electronic Registration Systems, Inc. ("MERS") is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1818 Library Street, Suite 300, Reston, VA 20190. MERS is the nominee for GMAC Mortgage Corporation, the lender identified in a junior mortgage recorded on title to the Property with the Middlesex County (Southern District) Registry of Deeds in Book 48622, Page 95 ("Junior Mortgage").

4. The Party-In-Interest, GMAC Mortgage LLC ("GMAC") is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 1100 Virginia Drive, Suite 250, Fort Washington, PA 19034. GMAC is the successor-by-merger to GMAC Mortgage Corporation, the lender identified in the Junior Mortgage.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651, any court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief

is or could be sought under 28 U.S.C. § 2201.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is the mortgage loan, currently owned by U.S. Bank, of which the Defendant is the obligor/mortgagor, and the total amount owed under the terms thereof is in excess of $2,273,463.20 plus attorney fees and costs associated with the instant action and foreclosure.

7. Further, the subject mortgage loan is secured by the Property, of which U.S. Bank seeks a Judgment of Foreclosure in the instant action, and which is valued at approximately $1,630,000.00.

8. Thus, the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

9. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to U.S. Bank's claims transpired in Massachusetts and the property is located in Massachusetts.

## FACTUAL ALLEGATIONS

10. On August 8, 2006, the Defendant executed and delivered a Promissory Note in favor of Washington Mutual Bank, FA in the amount of $1,232,000.00 ("Taslis Note").[1]

11. U.S. Bank is the holder/owner of the Taslis Note, which is endorsed in blank.[2]

12. To secure the debt evidenced by the Taslis Note, the Defendant and Elaine Taslis[3] gave a Mortgage on the Property to Washington Mutual Bank FA dated August 8, 2006, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 47978, Page 179 ("Taslis Mortgage").[4]

---

[1] *See* Exhibit A (a true and correct copy of the Taslis Note is attached hereto and incorporated herein).
[2] *See* Exhibit A.
[3] Elaine Taslis passed away on January 11, 2015.
[4] *See* Exhibit B (a true and correct copy of the Taslis Mortgage is attached hereto and incorporated herein).

13. The Defendant defaulted under the terms of the Taslis Mortgage Loan as a result of his failure to make the April 1, 2008, payment and all subsequent payments due thereunder.

14. The Taslis Mortgage was assigned from JPMorgan Chase Bank, National Association, successor in interest by purchase from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank f/k/a Washington Mutual Bank F.A. to U.S. Bank National Association as Trustee for WaMu Mortgage Pass Through Certificates Series 2006 AR13 Trust by virtue of an Assignment of Mortgage dated March 16, 2012, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 58825, Page 399.[5]

15. The Taslis Mortgage was further assigned to U.S. Bank by virtue of an Assignment of Mortgage dated April 6, 2022, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 79962, Page 479.[6]

16. As a result of his default, on September 16, 2021, Select Portfolio Servicing, Inc. ("SPS"), the authorized servicer of the Taslis Mortgage Loan, sent the Defendant a Notice of Default pursuant to the terms of the Taslis Mortgage Contract.[7]

17. On June 10, 2022, SPS sent the Defendant a further 90-day Notice of Right to Cure Your Mortgage Default pursuant to G.L. c. 244, § 35A ("Notice of Right to Cure").[8]

18. On June 10, 2022, together with the Notice of Right to Cure, SPS sent the Defendant a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, § 35B ("Section 35B Notice").[9]

---

[5] *See* Exhibit C (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).
[6] *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).
[7] *See* Exhibit E (a true and correct copy of the Notice of Default is attached hereto and incorporated herein).
[8] *See* Exhibit F (a true and correct copy of the Notice of Right to Cure is attached hereto and incorporated herein).
[9] *See* Exhibit F, p. 11.

19. The Defendant failed to cure his default on or before the September 11, 2022, deadline set forth in the Notice of Right to Cure and, as a result, U.S. Bank has elected to accelerate the debt owed under the terms of the Taslis Mortgage Loan and proceed with foreclosure.

## COUNT I
## BREACH OF CONTRACT

20. U.S. Bank repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. The Taslis Mortgage Loan Contract represents a binding, enforceable agreement between the Parties.[10]

22. The Defendant defaulted under the terms of the Taslis Mortgage Loan Contract as a result of his failure to make the April 1, 2008, payment and all subsequent payments due thereunder.[11]

23. As a result of his Default, the Defendant is in breach of the terms of the Taslis Mortgage Loan Contract.[12]

24. Injustice can only be avoided by awarding damages and interest, plus costs and expenses including attorney's fees.

## COUNT II
## SERVICEMEMBERS CIVIL RELIEF ACT

25. U.S. Bank repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. A search of the Department of Defense Manpower Data Center online records, conducted on September 27, 2022, indicates that the Defendant is not currently on active duty with the United States Military.[13]

---

[10] *See* Exhibits A & B.
[11] *See* Exhibits E & F.
[12] *See* Exhibits A & B.
[13] *See* Exhibit G (a true and correct copy of the Search Results from the Department of Defense Manpower Data Center is attached hereto and incorporated herein).

27. Accordingly, the Defendant is not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

28. U.S. Bank seeks a judicial determination that the Defendant is not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

## COUNT III
## CONDITIONAL JUDGMENT

29. U.S. Bank repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. The Defendant is in default under the terms of the Taslis Mortgage Loan Contract as a result of his failure to make the April 1, 2008 payment and all subsequent payments due thereunder.[14]

31. The Defendant's default constitutes a material breach of the Taslis Mortgage Loan Contract.[15]

32. U.S. Bank is the mortgagee of the Taslis Mortgage.[16]

33. U.S. Bank is the holder/owner of the Taslis Note.[17]

34. As a result of the Defendant's default, U.S. Bank is entitled to foreclose the Taslis Mortgage Loan by sale of the Property.[18]

35. Pursuant to G.L. c. 244, §§ 3 & 11, this Court should enter a Conditional Judgment in favor of U.S. Bank authorizing it to sell the Defendant's interest in the Property pursuant to the statutory power of sale incorporated into the Taslis Mortgage Contract.[19]

## COUNT IV
## FORECLOSURE BY EXERCISE OF THE STATUTORY POWER OF SALE

---

[14] *See* Exhibits E & F.
[15] *See* Exhibits A & B.
[16] *See* Exhibits C & D.
[17] *See* Exhibit A.
[18] *See* Exhibit B, p. 13 ¶ 22.
[19] *See* Exhibit B, p. 13 ¶ 22.

36. U.S. Bank repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. U.S. Bank alleges on information and belief that the Defendant is the only person holding an equity of redemption in the Property covered by the Taslis Mortgage so far as appears in the Middlesex County (Southern District) Registry of Deeds and as known to the Plaintiff.

38. The Taslis Mortgage incorporates the statutory power of sale, found at G.L. c. 183, § 21, by reference.[20]

39. The Defendant is in default under the terms of the Taslis Mortgage Loan Contract as a result of his failure to satisfy his payment obligations thereunder.

40. Pursuant to G.L. c. 183, § 21, as incorporated within the terms of the Taslis Mortgage, upon the entry of a Conditional Judgment in its favor, U.S. Bank seeks to proceed with a foreclosure sale of the Defendant's interest in the Property due to his default.

41. Pursuant to G.L. c. 244, § 11, upon entering a conditional judgment in favor of U.S. Bank, the Court should order the Defendant's interest in the Property sold pursuant to the statutory power of sale found at G.L. c. 183, § 21.

## COUNT V
## DEFICIENCY JUDGMENT

42. U.S. Bank repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. U.S. Bank has established each of the essential elements with respect to the Defendant's breach of the Taslis Mortgage Loan Contract.

44. As of September 7, 2022, the total debt owed under the terms of the Taslis Mortgage Loan Contract is approximately $2,273,463.20, plus interest and attorney's fees and costs associated with the instant action, which continue to accrue daily.

---

[20] *See* Exhibit B, p. 13 ¶ 22.

45.  The Fair Market value of the Property is approximately $1,630,000.00.

46.  Upon completion of the foreclosure sale, U.S. Bank will be entitled to a Deficiency Judgment for the total debt owed under the terms of the Taslis Mortgage Loan Contract, less the price paid at U.S. Bank's foreclosure sale of the Property.

## COUNT VI
## POSSESSION

47.  U.S. Bank repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48.  All of the Defendant's right, title and interest in the Property will be terminated upon the foreclosure of the mortgage and execution of the Memorandum of Sale Contract at U.S. Bank's anticipated foreclosure sale.

49.  Accordingly, the Defendant's right to possession of the Property will be terminated upon U.S. Bank's lawful foreclosure of the Taslis Mortgage Loan.

50.  U.S. Bank, its successors or assigns, will be entitled to a Judgment for Possession of the Property upon the completion of its foreclosure sale and subsequent report of the results of the same.

WHEREFORE, U.S. Bank requests that this Court:

1.  Enter a Judgment in favor of U.S. Bank finding that the Defendant is in breach of the Taslis Mortgage Loan Contract;

2.  Enter a Judgment in favor of U.S. Bank finding that the Defendant is not entitled to the benefit of the Servicemembers Civil Relief Act;

3.  Enter a Conditional Judgment in favor of U.S. Bank pursuant to G.L. c. 244, §§ 3 & 11;

4.  Order the Defendant's interest in the Property sold pursuant to the statutory power of sale found at G.L. c. 183, § 21 as incorporated within the terms of the Taslis Mortgage Contract;

5.  Enter a Deficiency Judgment in favor of U.S. Bank for the total debt owed under the terms

of the Taslis Mortgage Loan Contract less the price paid for the Property at U.S. Bank's foreclosure sale;

6. Enter a Judgment for Possession in favor of U.S. Bank upon the filing of its report of the foreclosure sale results.

7. For such other and further relief as the Court deems just and equitable.

        Respectfully Submitted,

        U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR13,
        By its attorneys,

Dated: September ____, 2022

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq. (BBO #635118)
Brian C. Linehan, Esq. (BBO #690437)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 303C
Beverly, MA 01915
Tel. (978) 921-2670
rjl@dgandl.com

## VERIFICATION

STATE OF Utah )
COUNTY OF Salt Lake )

I, __Sherry Benight__, being duly sworn, state:

I am a representative of U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR13, the above named Plaintiff in this action. I have read the Verified Complaint, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

10/26/22   By: /s/ Sherry Benight

its: __Sherry Benight, Doc. Control Officer__

---

State of __Utah__ )
County of __Salt Lake__ )

On this __26th__ day of __October__ 2022, before me, the undersigned notary public, personally appeared __Sherry Benight, Doc. Control Officer__, who proved to me through satisfactory evidence of identification which was __*Personally Known__ to be the person whose name is signed on the preceding or attached document, and acknowledged that she signed it voluntarily for its stated purpose.

**GINA TOLMAN**
Notary Public  State of Utah
My Commission Expires on:
December 12, 2022
Comm. Number: 703662

Name: Gina Tolman
Notary Public
My Commission expires: **DEC 1 2 2022**

---

U.S. Bank N.A., as Trustee v. Constantine Taslis, et al.
218 Lowell Street, Lexington, MA
DG&L File No. 51260

10