UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. BANK NA, successor trustee to Bank of America,
NA, Successor in interest to LaSalle Bank, NA,
as trustee on behalf of the holders of the
WaMU Mortgage Pass-Through
Certificates, Series 2006-AR13,
     Plaintiff,

v.                                 CIVIL ACTION NO. 22-11853-MPK

ANASTASIA TASLIS, as personal representative of the
Estate of Constantine Taslis
a/k/a Kostas Taslis,
     Defendant/Counterclaimant,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., and GMAC MORTGAGE
LLC,
     Parties-in-interest.

<u>ORDER OF REASSIGNMENT TO DISTRICT JUDGE SOROKIN FOR
REVIEW OF REPORT AND RECOMMENDATION</u>

<u>REPORT AND RECOMMENDATION ON JOINT RENEWED MOTION
TO APPOINT A RECEIVER (#121) AND AMENDED JOINT
RENEWED MOTION TO APPOINT A RECEIVER (#122)</u>

KELLEY, U.S.M.J.

     On July 25, 2025, Plaintiff U.S. Bank NA, successor trustee to Bank of America, NA,

Successor in interest to LaSalle Bank, NA, as trustee on behalf of the holders of the WaMU

Mortgage Pass-Through Certificates, Series 2006-AR13 and Defendant Anastasia Talis, as

personal representative of the Estate of Constantine Taslis a/k/a Kostas Taslis, filed a Joint

Renewed Motion to Appoint a Receiver (#121). On July 29, 2025, the same parties filed an

Amended Joint Renewed Motion to Appoint a Receiver (#122). As noted in a prior Report and Recommendation, the First Circuit has deemed motions to appoint receivers "dispositive" under Fed. R. Civ. P. 72(b). A magistrate judge, absent consent, must issue a report and recommendation, subject to plenary review by a district judge on the filing of timely objections. *ML-CFC 2007-6 Puerto Rico Properties, LLC v. BPP Retail Properties, LLC*, 951 F.3d 41, 48 (1st Cir. 2020); *see Patton v. Johnson*, 915 F.3d 827, 832 (1st Cir. 2019) ("'[A]s Article I judicial officers, magistrate judges ordinarily may not decide motions that are dispositive either of a case or of a claim or defense within a case.' … While a magistrate judge may decide a non-dispositive motion, *see* Fed. R. Civ. P. 72(a), she may only make a recommended disposition of a dispositive motion, *see* Fed. R. Civ. P. 72(b);" discussing standard of review implications) (quoting *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir. 2010)). *See* #105 at 4; *approved and adopted by* #109.

Although this case was reassigned by District Judge Sorokin to the undersigned on May 12, 2025 (#114), the docket does not reflect that Mortgage Electronic Registration Systems, Inc. ("MERS") and GMAC Mortgage LLC ("GMAC"), entities named as parties-in-interest in the complaint, have consented to magistrate judge jurisdiction. *See* #105 at 2-6.  Preferring to err on the side of caution, the court orders that the case be reassigned to District Judge Sorokin for review of the report and recommendation on the joint renewed motion to appoint a receiver and amended joint renewed motion to appoint a receiver.

I RECOMMEND that the Joint Renewed Motion to Appoint a Receiver (#121) be DENIED AS MOOT given the filing of the amended joint renewed motion to appoint a receiver.

Turning to the merits of the amended motion, the parties directly involved and impacted by the appointment of a receiver, i.e., the holder/owner of the note on the subject property and the personal representative of the estate of the mortgagors, have agreed that, in fact, a receiver should

be appointed.[1] The parties specifically request

> that this Court enter and Order appointing Attorney James F. Creed, Esq., as Receiver and authorizing him to take possession of and manage the Property, including the collection of rents and profits derived there from, making any repairs necessary to maintain the Property in accordance with applicable health and safety regulations until such time that the Property is sold, and marketing and selling the Property to satisfy the secured lien and any other encumbrances.

#122 ¶ 20.

In these circumstances, with the parties' agreement, I RECOMMEND that the Amended Joint Renewed Motion to Appoint a Receiver (#122) be GRANTED and that Attorney James F. Creed, Esquire, be appointed as Receiver with the power and authority set forth the in amended joint motion.

Any party who objects to these Reports and Recommendation must file specific written objections thereto with the Clerk within fourteen (14) days of the party's receipt of these Reports and Recommendation. The written objections must specifically identify the portion of these Reports and Recommendation to which objections are made and the basis for such objections. The First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Sec'y of Health and Human Services,* 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *see also Thomas v. Arn,* 474 U.S. 140 (1985).


July 30, 2025                                   /s/ M. Page Kelley
                                               M. Page Kelley
                                               United States Magistrate Judge

---

[1] It is stated in the amended motion that "On July 25, 2025, the Parties entered into a Settlement and Release Agreement and a Consent Judgment whereby the Defendant consented to U.S. Bank's anticipated foreclosure sale of the Property." (#122 ¶ 16.)